Judge Grimke
delivered the opinion of the court:
Both of the questions presented in this case may be very shortly disposed of.
1. Is a party holding a judgment at law stayed by injunction»who, pending the bill, receives the largest portion of his debt, entitled to a decree for the whole amount? Where the injunction is dissolved, the statute makes it the duty of the court to render a-decree for the respondent, for the amount of the judgment recovered at law. But this is in contemplation of a dissolution of the-injunction and dismissal of the bill at the same time. It would then be proper, and would be the only correct course to render a. decree of that kind. It would perhaps have been the better practice under this law, if a decree had always been considered as superseding the judgment, instead of permitting the decree and the-judgment both to remain in force. As the whole jurisdiction is-drawn to a court of chancery, the final decree in that court, settling the rights of the parties, and ascertaining the amount then due, might well be considered as vacating the judgment to the extent to which the decree reaches. But a different practice has prevailed, and we do not feel authorized to disturb it, inasmuch as no-injustice can arise from it. When the injunction is dissolved during-the pendency of the suit, full effect is necessarily given to the judgment at law. When a final decree is passed dismissing the bill,, if the judgment is then also continued in operation, the decree becomes simply accumulative security for the payment of the debt,, which can be but once collected. Here a large portion of the debt has been paid, pending the bill in chancery, and since the dissolu *60 tion of the injunction. If the amount now due were ascertained, ■the decree would be for that amount only.
The second question is, whether the judgment creditor is entitled to a penalty, where the injunction is dissolved at one term, and the bill dismissed at another? And we are of opinion that he is so entitled. Chancery can not decree the penalty upon an interlocutory order dissolving the injunction. It can only be decreed on the final disposition of the case, and we hold that it is *then to be calculated only upon the sum found to be at that time due. This reconciles in the most just manner the pretensions of all the parties. By receiving payments on his judgment pending the bill, the creditor is held to have waived the penalty on the amount received. The case is sent back to the county to ascertain the amount -of payments. The decree will be for the balance due on the judgment, with the costs and accumulating interest; and also for the -costs in chancery, and a penalty on the balance found to be due.